UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No:  2:14-cr-7-FtM-29DNF

EDWARD BERGEN

_____

### SUPPLEMENTAL REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

**I.     Introduction**

On March 18, 2014, Defendant Edward Bergen ("Defendant") filed a Motion for Pre-trial Suppression Hearing (Doc. 19).  The Government filed a Response to Defendant's Motion to Suppress (Doc. 21) on April 2, 2014.  This matter was referred to the Court for a report and recommendation and an evidentiary hearing was held before the undersigned on April 9, 2014. On May 9, 2014, the Court entered a Report and Recommendation (Doc. 33) recommending that the District Court deny Defendant's motion on all grounds.  Defendant filed Objections to the Report and Recommendation (Doc. 42) and, upon the undersigned's request, the District Court recommitted this matter for additional proceedings as deemed appropriate and for the issuance of a Supplemental Report and Recommendation. (Doc. 43).

On July 14, 2014, a supplemental evidentiary hearing was held before the undersigned to address the arguments raised in Defendant's Objections to the Report and Recommendation.  At the hearing, the Court granted the parties leave to file supplemental briefs within ten (10) days. On July 29, 2014, Defendant filed an Additional Memorandum Re: Motion to Suppress and Objections to Report and Recommendation (Doc. 51).  On August 1, the Government filed its Amended Written Response Regarding Defense Additional Memorandum to Report and

Recommendation Re: Motion to Suppress (Doc. 55-1). For the reasons explained below, the Court reaffirms its recommendation that Defendant's motion to suppress should be **DENIED**.

## II. Evidence

The Government presented the testimony of a single witness at the supplemental evidentiary hearing, Detective Jason Hicks of the Cape Coral Police Department. Detective Hicks testified as follows. Detective Hicks works for the Cape Coral Police Department and has done so for nine years. (Tr.[1] 9). On or about December 13, 2013, Detective Hicks obtained a search warrant for Defendant's residence. (Tr. 9). Detective Hicks testified that prior to the execution of the warrant, he had reasons to believe that Defendant was a convicted felon throughout the investigation. (Tr. 9). Prior to the execution of the search warrant, Detective Hicks ran an NCIC/FCIC criminal history background check on Defendant and learned that he was a convicted felon. (Tr. 10). After Defendant was taken into custody on December 13, 2013, Detective Hicks contacted the Cape Coral Police dispatch, which confirmed that Defendant remained a convicted felon. (Tr. 11). Detective Hicks testified that prior to this confirmation, he already had reason to believe Defendant was a convicted felon due to the criminal background checks he had personally ran earlier in the investigation. (Tr. 11).

On cross examination, Detective Hicks testified that he did not mean to give the impression at the prior evidentiary hearing that he had not looked at Defendant's criminal record before executing the search warrant. (Tr. 13). Detective Hicks testified that he had heard of Defendant before because he had been previously arrested by the Cape Coral Police Department and because he used to run a Facebook webpage called "239 Snitch Stoppers" or something similar. (Tr. 13). Detective Hicks testified that he believed the purpose of this website was to

---

[1] "Tr." refers to the supplemental evidentiary hearing held on July 21, 2014. (Doc. 52).

expose confidential informants for various law enforcement agencies throughout Florida. (Tr. 14). Detective Hicks was already aware of Defendant's webpage for several months when he received the anonymous tip in November 2013. (Tr. 14). Detective Hicks testified that he did not mention in his search warrant that Defendant ran the snitch-outing website or that Defendant was a convicted felon. (Tr. 15). Detective Hicks testified that he ran the NCIC/FCIC search after receiving the anonymous tip. (Tr. 17).

Detective Hicks testified that he seized the ammunition because he reasonably believed Defendant was a convicted felon based on his prior investigation before serving the search warrant, coupled with the close proximity of the ammunition to the drugs and paraphernalia. (Tr. 18). Detective Hicks explained that the reason he charged Defendant with being a felon in possession of ammunition only after running another FCIC/NCIC search after arresting Defendant is because a person's status as a convicted felon can change. (Tr. 18). For this reason, he contacted the Cape Coral Police Dispatch on December 13, 2013 to ensure that Defendant's status as a registered felon had not changed. (Tr. 18).

**III.    Analysis**

Defendant objected to the Court's Report and Recommendation on a single ground, i.e., that the failure of the search warrant to list "ammunition" is fatal as to the admission of the ammunition seized, and any ammunition seized at the Defendant's residence should be suppressed and not admissible at trial. (Doc. 42 p. 1). Defendant argues that the Court failed to address his argument that the affidavit does not include the word ammunition. (Doc. 42 p. 2). Defendant argues that the officer had no information at the time of the seizure of the ammunition that Defendant was a convicted felon, and thus, in the absence of a warrant authorizing seizure, the ammunition was not apparently contraband, and it was illegal for law enforcement to seize

the evidence. (Doc. 42 p. 3). Defendant specifies that his objection goes solely to the lack of the word "ammunition" in the search warrant, and the seizure of that ammunition from a safe in the Defendant's residence. (Doc. 42 p. 2).

The Government responds that the ammunition seized at Defendant's residence was discovered in "plain view" and is thus admissible even though the search warrant did not list the term "ammunition". (Doc. 46 p. 1). The Government contends that the ammunition at issue possessed an incriminating nature that was immediately apparent simply because it was discovered while conducting a search for firearms and illicit drugs. (Doc. 46 p. 4). Additionally, the Government argues that Detective Hicks had reasons to believe that Defendant had prior felony convictions, and only merely needed to confirm such belief before charging Defendant with possession of ammunition by a convicted felon. (Doc. 46 p. 5).

Under the "plain view" doctrine, law enforcement may seize evidence without a warrant where "(1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent." *United States v. Folk*, 754 F.3d 905, 911 (11th Cir. 2014) (citing *Horton v. California*, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2308 (1990)). In this case, Defendant argues that the incriminating character of the ammunition was not immediately apparent. (Doc. 42 p. 5).

Based on the testimony of Detective Hicks at the first evidentiary hearing, Defendant's argument certainly has merit.[2] At the first hearing, Detective Hicks testified that

---

[2] The Court notes that Defendant, in his motion to suppress and at oral argument at the April 9, 2014 hearing, offered the fact that the affidavit does not include the word ammunition as one reason why the search warrant, as a whole, was not supported by probable cause. This is a different argument than the argument now raised by Defendant, i.e., that law enforcement exceeded the scope of the search warrant by seizing the ammunition because it was not listed in the warrant. Nevertheless, in an abundance of caution, the Court requested that this matter be

> At that time, based on the evidence of Mr. Bergen telling me that that was, in fact, his bedroom, locating Mr. Bergen's Florida identification card in the safe that was broken open in his bedroom, as well as the narcotics and drug paraphernalia, I placed him under arrest for several narcotics charges. He was later transported to the Cape Coral Police Department for booking but while at the Cape Coral Police Department, I contacted the Cape Coral Police Department dispatch and had them run an NCIC/FCIC check on Mr. Bergen. Shortly thereafter, they advised that he was a convicted felon for a prior narcotics charge and he was currently on State probation from, I believe it was October, 2013, until October, 2016.

(Doc. 30 p. 21). As the undersigned noted at the supplemental evidentiary hearing, "I read the testimony of [Detective Hicks] and it's not unequivocal that he knew. In fact, one reading of it is that he didn't know at the time of the seizing of the ammunition that Mr. Bergen was a felon." (Tr. 6). This ambiguity, however, was clarified at the supplemental evidentiary hearing. Detective Hicks testified that prior to executing the search warrant he had run an NCIC/FCIC criminal history background of Defendant. (Tr. 10). Detective Hicks stated that "Before we served the search warrant on December 13, 2013, I knew that Mr. Bergen was a convicted felon in the State of Florida." (Tr. 10). Detective Hicks explained that he contacted the Cape Coral Police Department Dispatch on December 13, 2013, to confirm that Defendant was still a convicted felon, not to inquire for the first time whether Defendant was a convicted felon. (Tr. 18).

The Government asks the Court to find that the ammunition at issue possessed an incriminating nature that was immediately apparent simply because it was discovered while conducting a search for firearms and illicit drugs. (Doc. 55-1). However, *dicta* in the recent Eleventh Circuit case *United States v. Folk*, gives the Court pause to decide the instant issue on such grounds. In *Folk*, the Eleventh Circuit expressed concern whether it is appropriate to assume there is an automatic connection between firearms and drug trafficking, where the drug

---

recommitted so that Defendant could present his argument.

trafficking is on a small scale and there is no reason to believe that the defendant is armed while engaged in drug transactions. *Folk,* 754 F.3d 905 at 911. The Court need not address this issue directly here, however, because based on Detective Hicks' clarifying testimony, the Court finds that he had a reasonable belief that Defendant was a convicted felon when he executed the search warrant. Thus, Detective Hicks was justified in seizing the ammunition. *See United States v. McCoy,* 259 F. App'x 264, 268 (11th Cir. 2007) (providing that "[b]ecause the officers knew that McCoy was a convicted felon, specific and articulable facts supported their reasonable belief upon seeing the firearm in the apartment that McCoy had committed or was committing the crime of possession of a firearm by a convicted felon."). Detective Hicks had ran a NCIC/FCIC criminal background check prior to executing the search warrant on December 13, 2013, and only called to confirm that Defendant's status had not changed before charging him with being a felon in possession of ammunition. This testimony does not contradict Detective Hicks' previous testimony, but seems to fit logically with Detective Hicks' previous testimony that as part of his surveillance into Defendant, he performed searches in the Cape Coral Police Department Records Management System, RMS, and the Drivers and Vehicle Identification Database. (Doc. 30 p. 6).

For these reasons,

   **IT IS RESPECTFULLY RECOMMENDED THAT:**

Defendant's Motion for Pre-trial Suppression Hearing (Doc. 19) be **DENIED** on all grounds.

**Respectfully recommended** in Chambers in Fort Myers, Florida on August 13, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties