UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        2:14-cr-7-FtM-29DNF

EDWARD BERGEN
_____

**OPINION AND ORDER**

On May 21, 2014, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #33) to the Court recommending that Defendant's Motion for Pre-trial Suppression [ ] (Doc. #19) be denied.  Defendant filed Objections (Doc. #42) asserting that the magistrate judge had not addressed one of the issues, and the government filed a Response (Doc. #46). The undersigned then recommitted the matter to the magistrate judge (Doc. #43), who conducted an additional evidentiary hearing and issued a Supplemental Report and Recommendation (Doc. #59). Defendant filed Objections to the Supplemental Report and Recommendation (Doc. #61) on August 26, 2014.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

## II.

After a *de novo* review, the Court agrees with and adopts the findings and conclusions regarding the sufficiency of the search warrant affidavit and the admissibility of defendant's post-arrest statements set forth in the original Report and Recommendation (Doc. #33.) After *de novo* review, the Court also agrees with and adopts the findings and conclusions in the Supplemental Report and Recommendation (Doc. #59) regarding the seizure of the ammunition.

The Court finds that the search warrant affidavit set forth probable cause to believe defendant had been or was committing the state offenses of Sale and Possession of Marijuana and Sales and

Possession of Cocaine at the residence, and that drug contraband or evidence of the criminal offenses was present at the residence. The search of the premises, including the contents of the safe, was therefore lawful.

The search warrant authorized the seizure of firearms connected with the drug offenses, but the affidavit did not contain probable cause to believe any firearm was present in the residence. In any event, no firearm was seen or seized.

Defendant's objections focus on the seizure of the ammunition. Neither the search warrant nor the affidavit made reference to ammunition, but ammunition was found in the safe and was seized by the officers. The ammunition was clearly not seizable pursuant to the search warrant, which did not describe any ammunition or specifically authorize its seizure. The ammunition may nonetheless be seizable under the plain view doctrine despite not being identified in the search warrant. As the Eleventh Circuit has summarized:

> The "plain view" doctrine permits a warrantless seizure where (1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent. The plain view doctrine allows police officers to seize any contraband in plain view if the officers have a right of access to the place where the contraband is located. An example of the applicability of the plain view doctrine is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character. The officers, however, must have probable

cause to believe that the object in plain view is contraband.

United States v. Smith, 459 F.3d 1276, 1290-91 (11th Cir. 2006)(internal quotation marks and citations omitted.)  See also United States v. Folks, 754 F.3d 905, 911-12 (11th Cir. 2014).  The search warrant gave the officers authority to search the safe for drugs, and they found (among other things) ammunition.  The officers could seize the ammunition if they then had probable cause to believe the ammunition was contraband.  Smith, 459 F.3d at 1290-91.  The magistrate judge credited the testimony of Detective Jason Hicks that he knew prior to the execution of the search warrant that defendant was a convicted felon (and therefore could not lawfully possess ammunition).  With this knowledge, the officers clearly had probable cause to believe the ammunition observed in the safe was contraband.  Folks, 754 F.3d at 912.

Accordingly, it is now

**ORDERED:**

1.  The Magistrate Judge's Report and Recommendation (Doc. #33)and the Supplemental Report and Recommendation (Doc. #59) are **accepted and adopted,** and are specifically incorporated into this Opinion and Order.  Defendant's Objections (Docs. ## 42, 51, 61) are **overruled.**

-4-

2.   Defendant's Motion for Pre-trial Suppression (Doc. #19) is

**DENIED.**

   **DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of

September, 2014.


                                    _____
                                    JOHN E. STEELE
                                    UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record
DCCD